# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEGAS DIAMOND PROPERTIES, LLC, a Nevada Limited Liability Company; and JOHNSON INVESTMENTS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiffs,<br>vs.<br>LA JOLLA BANK, FSB, a California Corporation; ACTION FORECLOSURE SERVICES, INC., a California Corporation; and DOES I-X, inclusive,<br><br>Defendants. | CASE NO. 10cv1205-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion for Leave to File First Amended Complaint, filed by Plaintiffs (ECF No. 82); the Motion to Amend Answer, filed by Federal Deposit Insurance Corporation, Receiver for Defendant La Jolla Bank, FSB ("FDIC") (ECF No. 81); and the Objection to Order Denying Joint Motion to Extend Discovery Cutoff, filed the FDIC and Plaintiffs (ECF No. 92).

## BACKGROUND

On January 8, 2010, Plaintiffs initiated this action by filing a Complaint in Nevada state court. (ECF No. 1, Ex. A). The Complaint alleges six causes of action: (1) fraudulent concealment against La Jolla Bank; (2) negligence against La Jolla Bank; (3) civil conspiracy against La Jolla Bank; (4) breach of the covenant of good faith and fair dealing against La Jolla Bank; (5) aiding and abetting deceit against La Jolla Bank; and (6) "preliminary injunction against all Defendants." *Id*. at 15. The Complaint's prayer for relief requests compensatory and punitive damages, attorney's fees and costs, and "an order granting a preliminary

1  injunction against the Defendants immediately restraining Defendants from proceeding on any
2  Trustee's Sale of the Plaintiffs' real properties." *Id.*

3  On January 13, 2010, La Jolla Bank removed this action to the United States District
4  Court for the District of Nevada. (ECF No. 1).

5  On April 21, 2010, the FDIC filed a motion to substitute the FDIC as receiver and to
6  change venue to the Southern District of California. (ECF No. 15). On June 3, 2010, the
7  FDIC's motion was granted, and this action was transferred to this Court. (ECF No. 24).

8  On October 4, 2010, this Court granted in part and denied in part the Motion to Dismiss
9  the Complaint filed by the FDIC. (ECF No. 44).

10 On October 18, 2010, the FDIC filed an Answer to the Complaint. (ECF No. 48).

11 On April 8, 2011, Plaintiffs filed the Motion for Leave to File First Amended
12 Complaint. (ECF No. 82). Plaintiffs state that they "seek to amend their Complaint to add
13 additional Defendants and new causes of action, both of which were unknown and/or had not
14 yet transpired as of the date of the filing of the original Complaint...." *Id.* at 3. The proposed
15 first amended complaint "adds La Jolla Bank's Officers, Frank Warren, Rick Hall, Martin
16 Rodriguez, R.W. Loveless and Lynn Hein whose identities were unknown as at the time of
17 filing of the original Complaint," as well as "non-party, Robert Dyson's accountant/
18 bookkeeper, Omar Benjamin Wiggins." *Id.* at 7. The proposed first amended complaint adds
19 causes of action for negligence and equitable relief against Defendant Action Foreclosure
20 Services and La Jolla Bank related to the March 2011 trustee's sale of the real properties at
21 issue. The proposed first amended complaint seeks damages, attorney's fees and "equitable
22 relief in the form of cancellation of the Trustee's Sales of the Properties." (ECF No. 82-1 at
23 25).

24 On April 8, 2011, the FDIC filed the Motion to Amend Answer. (ECF No. 81). The
25 FDIC seeks to amend its Answer to add three new affirmative defenses. The FDIC asserts:
26 "[I]f Plaintiffs are granted leave to file the [proposed first amended complaint] where new and
27 equitable relief is sought against [La Jolla Bank], FDIC-Receiver will have to file another
28 responsive pleading and this motion would be rendered moot. This motion [for leave to amend

1  the Answer] was brought as a protective measure in case leave to file the [proposed first
2  amended complaint] is denied." (ECF No. 81-1 at 2).

3  On May 2, 2011, the FDIC filed an opposition to the Motion to Amend Complaint.
4  (ECF No. 85). The FDIC contends that "leave to amend to assert new claims against [La Jolla
5  Bank] should be denied as futile." *Id*. at 3.

6  On June 20, 2011, the FDIC and Plaintiffs filed a Joint Motion to Extend Discovery
7  Cutoff. (ECF No. 90). The FDIC and Plaintiffs "agreed that, until the Motion to Amend is
8  adjudicated, any depositions would be a waste of resources because they could be re-noticed
9  by the new defendants [named in the proposed first amended complaint]." *Id*. at 2. The FDIC
10 and Plaintiffs requested that "all dates in the Case Management Conference Order be stayed
11 until a new Case Management Conference Order is issued in the instant action, or in the
12 alternative that the discovery cutoff be continued for six (6) months." *Id*. at 3.

13 On June 20, 2011, the Magistrate Judge issued an Order denying the Joint Motion to
14 Extend Discovery Cutoff without prejudice. (ECF No. 91). The Magistrate Judge stated:

> The Court does not find the proposed addition of new defendants in this case is good cause to extend fact discovery and denies the parties' joint motion without prejudice. If Plaintiffs are permitted to amend the complaint to add the proposed new defendants and those defendants answer, the Court will address any need for additional discovery at that time. Currently it is uncertain whether these parties will be added and what discovery the parties may need on any claims and defenses relating to the proposed new parties. It is also uncertain whether any of the proposed new defendants will seek to depose the same witnesses. When and if it becomes appropriate, the Court will tailor any additional discovery and deadlines to the claims and defenses related to the proposed new defendants.

*Id*. at 1-2.

On June 24, 2011, the FDIC and Plaintiffs filed the Objection to Order Denying Joint Motion to Extend Discovery Cutoff. (ECF No. 92). The FDIC and Plaintiffs contend that the June 20, 2011 Order of the Magistrate Judge is clearly erroneous because it could result in "unnecessary expense and duplication of discovery." *Id*. at 5.

## DISCUSSION

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

1  (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered
2  several factors for district courts to consider in deciding whether to grant a motion to amend
3  under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

7  *Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir.
8  2004) (citing *Forman* factors).

9       "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held,
10 it is the consideration of prejudice to the opposing party that carries the greatest weight."
11 *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment
12 bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187
13 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman*
14 factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."
15 *Eminence Capital*, 316 F.3d at 1052.

16      Defendant Action Foreclosure Services has not opposed the Motion to File First
17 Amended Complaint, and the sole *Foman* factor cited by the FDIC is futility. After
18 consideration of the submissions of the parties, the Court concludes that the FDIC has not
19 made a sufficiently strong showing of the *Foman* factors to overcome the presumption under
20 Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The
21 Court will defer consideration of any challenge to the merits of the proposed first amended
22 complaint until after the amended pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba
23 Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("In view of Rule
24 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits
25 of a proposed amended pleading until after leave to amend is granted and the amended
26 pleading is filed."). The Motion to File First Amended Complaint is granted.

27      The FDIC asserts that "if Plaintiffs are granted leave to file the [proposed first amended
28 complaint] ... [the Motion to Amend Answer] motion would be rendered moot." (ECF No. 81-

1 at 2). Accordingly, the Motion to Amend Answer is denied as moot.

In light of changed circumstances caused by this Order granting leave to amend the Complaint, the Objection to Order Denying Joint Motion to Extend Discovery Cutoff is overruled. The parties may renew any request for relief related to the discovery schedule before the Magistrate Judge.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to File First Amended Complaint is GRANTED (ECF No. 82); the Motion to Amend Answer is DENIED as moot (ECF No. 81); and the Objection to Order Denying Joint Motion to Extend Discovery Cutoff is OVERRULED (ECF No. 92). No later then ten (10) days from the date this Order is filed, Plaintiffs shall file the proposed first amended complaint which is attached to the Motion for Leave to File First Amended Complaint.

DATED: July 5, 2011

**WILLIAM Q. HAYES**
United States District Judge